## BLOOD v. WEILER ET AL.

[No. 11,015. Filed November 4, 1921.]

ADVERSE POSSESSION.—*Acquisition of Title.—Possession for More Than Twenty Years.*—Where the owner of land extended his possession, under claim of right, beyond his boundary line, fenced in the land thus occupied, cut timber therefrom and used it for pasturage, his occupation, together with that of his widow and his heirs and their grantees for more than twenty years, being open, notorious, exclusive, and continuous and under claim of right, was sufficient to give title.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by John M. Blood against Benjamin Weiler and another. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Harvey Harmon* and *Thomas Duncan,* for appellant. *Hovey C. Kirk* and *Morton C. Embree,* for appellees.

NICHOLS, P. J.—This action was by appellant against appellees to recover damages for the wrongful conversion by appellees of timber claimed by appellant.

After issues were formed there was a trial by the court and a special finding of facts.

Counsel for the respective litigants have discussed the question of the riparian rights of the parties hereto, but as they have failed to present error as to the first conclusion of law, which is the only conclusion that involved this question, we do not enter into the discussion thereof.

It appears by the special finding of facts that the State of Indiana being the owner of two certain tracts of real estate here designated as Lots 1 and 2, in 1871, sold and conveyed said Lot 1 to one Daniels and thereafter by mesne conveyances one Martin Meyer became the owner thereof in fee simple on May 7, 1887. In 1872, the state sold Lot 2 to one Daniels, and by mesne conveyances said Meyer became the owner thereof May 21, 1892. Said Meyer continued the owner in fee simple of said tracts of real estate until his death which occurred January 5, 1907, when his widow and children became the owners thereof. June 5, 1908, they conveyed by warranty deed to appellee Weiler. More than twenty years prior to the commencement of this action and to the cutting of the timber which is the occasion of the controversy herein, said Meyer, being in possession of said Lots 1 and 2 under the conveyances aforesaid, which lots included the west half of the northeast quarter and part of the east half of the northwest quarter of section 8, extended his possession under claim of right, beyond said lots as far as and up to the west line of the east half of the northwest quarter of the section, by constructing a fence consisting of two or three strands of barbed wire upon or near the said west line of the east half of the northwest quarter, and

from time to time by using said lands for pasturage and removing timber therefrom. He thereby included in such occupation the real estate upon which the timber in controversy was located. The fence did not long remain, but the occupation continued until the death of said Meyer, and thereafter his widow and children continued to use and occupy said lands as the heirs of said Meyer until the time of the sale and conveyance to said appellee Weiler, when said appellee entered in possession of said tract up to the said west line of said east half of the northwest quarter as part of the real estate purchased by him, and used the same for pasturage and sold the timber therefrom up to the time of the commencement of this action. Such occupation by said Meyer and his heirs and appellee Weiler was, for more than twenty years prior to the commencement of this action, open, notorious, exclusive, continuous and under claim of right. Appellant had never been in possession of, and had never exercised any right of ownership over any part thereof. On December 18, 1917, appellees entered into a contract between themselves by which Weiler sold to Lovelette the timber located upon said lands here involved. The acts of appellee Lovelette in cutting and removing said timber resulted in this action.

The court stated as its second conclusion of law that the possession of said Meyer and of his widow and heirs and of appellee Weiler to the lands from which the trees were cut deprived the appellant of the ownership of said trees, as its third conclusion that appellant take nothing by his complaint, and as its fourth conclusion that appellee Weiler was entitled to a judgment and decree quieting his title to the real estate described in his cross-complaint.

There was a judgment for appellees on the complaint, and for appellee Weiler on the cross-complaint quieting

title to the real estate described therein which covered the land to the west line of the east half of the northwest quarter of the section. The findings, the correctness of which is not questioned, show a complete taking of possession of the real estate in controversy and upon which the timber involved was located, for more than twenty years prior to the commencement of this action which is sufficient to give title to appellee as against appellant. The law sustaining such principle is so well established that we do not need to cite authorities.

The judgment is affirmed.